Edward S. Conway, J.
This is a proceeding under CPLR article 78 whereby petitioners seek an order: (1) declaring that chapter 460 of the Laws of 1975 violates section 6 of article III of the Constitution of the State of New York, (a) insofar as it increases allowances for certain officers of the Senate and *9 Assembly in excess of the allowances of 1974, and (b) insofar as it provides allowances for new offices in the Senate and Assembly for which no allowances were authorized in chapter 992 of the Laws of 1974; and (2) enjoining the respondent Comptroller from paying the aforesaid allowances or, in the event such allowances have been paid prior to the entry of an order in this proceeding, directing the Comptroller to obtain restitution for the amounts unlawfully paid by deducting such amounts from any payments to become due to the aforesaid members of the Senate and Assembly.
A motion to dismiss the proceeding as against respondents Anderson, Steingut and the Attorney-General has been granted by consent and the petitioners proceed against respondent Arthur Levitt as Comptroller of the State of New York.
The members of the New York State Legislature who were duly elected at the election of November, 1974, to take office on January 1, 1975, passed the bill which became chapter 460 of the Laws of 1975, which constituted the supplemental budget for the Legislature for the year commencing January 1, 1975. The said supplemental budget provides certain "allowances” for certain officers of the Senate and Assembly for the year 1975.
The petitioners urge that chapter 460 of the Laws of 1975 violates section 6 of article III of the Constitution.
Section 6 provides as follows: "§ 6. [Compensation, allowances and traveling expenses of members] Each member of the legislature shall receive for his services a like annual salary, to be fixed by law. He shall also be reimbúrsed for his actual traveling expenses in going to and returning from the place in which the legislature meets, not more than once each week while the legislature is in session. Senators, when the senate alone is convened in extraordinary session, or when serving as members of the court for the trial of impeachments, and such members of the assembly, not exceeding nine in number, as shall be appointed managers of an impeachment, shall receive an additional per diem allowance, to be fixed by law. Any member, while serving as an officer of his house or in any other special capacity therein or directly connected therewith not hereinbefore in this section specified, may also be paid and receive, in addition, any allowance which may be fixed by law for the particular and additional services appertaining to or entailed by such office or special capacity. Neither the salary of any member nor any other *10 allowance so fixed may be increased or diminished during, and with respect to, the term for which he shall have been elected, nor shall he be paid or receive any other extra compensation. The provisions of this section and laws enacted in compliance therewith shall govern and be exclusively controlling, according to their terms. Members shall continue to receive such salary and additional allowance as heretofore fixed and provided in this section, until changed by law pursuant to this section.” (Amd Nov. 4, 1947; Nov. 3, 1964, eff Jan. 1, 1965.)
The issue before this court is whether the supplemental budget (L 1975, ch 460) violates section 6 of article III of the Constitution insofar as it increases the allowances of members acting as "officers” or in a "special capacity” by an amount in excess of the allowances prescribed for the year 1974, and insofar as it creates new "officers” or members acting in a "special capacity” which were not authorized for the year 1974.
The respondent contends that the fixing of allowances for officers of the Legislature in the first year of a legislative term does not constitute an increase or diminution in such allowance with respect to the amount, if any, provided for such office in the prior legislative term. The respondent would distinguish salaries and per diem allowances which are uniform and payable from the first day of each year and provided for in the Legislative Law, from allowances for officers of each House and those serving in special capacities on committee assignments, who receive allowances which vary in amount and are payable only at the end of each session, and are provided for in the budget bills. These the respondent urges are flexible and therefore when the members of the 1975 Legislature took office there was no appropriation in existence for allowance for additional services to be rendered for the term commencing January 1, 1975. By the 1975 supplemental budget (ch 460) the compensation for additional services is payable for the first time this term for services rendered during the present term of office of the legislators, which commenced January 1, 1975, not therefore involving any increase during the term, thus complying with the requirement of section 6 of article III of the Constitution.
The court cannot agree with these contentions of the respondent. The Constitution regulated the salaries of the members of the Legislature until the 1948 amendment to the Constitution which authorized that salaries and allowances *11 should "be fixed by law” and all subsequent amendments to the Constitution which increased the salaries of the Legislature restricted the effective date so that any increase in salaries would not be effective as to members of the Legislature who enacted the statute.
The last increase in salary for example, chapter 386 of the Laws of 1973, amended section 5 of the Legislative Law to read as follows, effective on January 1, 1975: "§ 5. Compensation of members. Each member of the legislature shall receive a salary of twenty-three thousand five hundred dollars per annum and a per diem allowance of forty dollars for his actual and necessary expenses, incurred in the performance of his duties. Such per diem allowed shall be paid to members of the senate and members of the assembly on audit and warrant of the comptroller on vouchers approved by the temporary president of the senate or the speaker of the assembly, respectively. The salary of a member of the legislature shall be payable in twenty-six bi-weekly installments.”
The above amendment increasing salaries and ordering a new allowance of $40 per diem specifically provided for a deferral for two years.
"In lieu of’ appropriations for legislative leaders and other officers of the Legislature go back at least to the year 1921 and were increased through the years and made available to "officers” of each House or a member serving in any "special capacity” therein in the 1948 amendment to the Constitution.
The first "in lieu of’ or "lulu”, as it popularly became known, for all members of both Houses was enacted in chapter 281 of the Laws of 1954, as follows:
"the legislature the senate maintenance and
OPERATION
"In lieu of expenses, other than travel, one thousand dollars, less the amount already paid on account, payable to each member of the Senate for expenses incurred during the regular session of the Legislature in 1954, payable upon the adjournment of the Legislature.................... 51,000.00
"THE ASSEMBLY MAINTENANCE AND OPERATION
"In lieu of expenses, other than travel, one thousand dollars, less the amount already paid on account, payable to each member of the Assembly for expenses incurred during the *12 regular session of the Legislature in 1954 payable upon adjournment of the Legislature....................150,000.00”
These amounts were periodically increased until they reached $5,000 per annum as provided by chapter 992 of the Laws of 1974, and the appropriations were discontinued in chapter 460 of the Laws of 1975.
All the salaries and allowances for members of the Legislature are appropriated annually as required by sections 1 and 2 of article VII of the Constitution. The salaries have been fixed by section 5 of the Legislative Law, but funds to implement that section are appropriated annually. That does not mean, however, that allowances are to be treated any differently from salaries, as the respondent urges.
The Legislature itself and the Constitution have stated repeatedly that neither the salary nor any other allowance can be altered during a term of office, and the public policy embodied in the Constitution prohibits a member of the Legislature from gaining any benefits, direct or indirect, during his term of office.
Therefore, the petition is granted.